# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN MICHAEL BIRKS, JR., <br><br> Petitioner, <br><br> v. <br><br> JOSIE GASTELLO, Warden, <br><br> Respondent. | Case No. 5:21-cv-00399-AB (AFM) <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file and the Report and Recommendation ("Report") of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made. Petitioner's objections are overruled. With the exception of the following, Petitioner's objections do not warrant discussion as they are properly addressed in the Report.

Petitioner objects to the Report's determination that the statute of limitation began to run when his conviction became final. Instead, Petitioner contends that he is entitled to delayed accrual under 28 U.S.C. § 2244(d)(1)(D), which provides that the statute of limitation commences when a petitioner knows or through the exercise of due diligence should discover the factual predicate of his claims.

The petition here raises two claims for relief: (1) Petitioner's guilty plea was

not voluntary or knowing because he was "deceived into accepting a gang enhancement allegation that is neither supported by law or fact" and (2) Petitioner's plea is fundamentally unfair because it is based upon a misapplication California's gang enhancement provision. (ECF 1 at 12-14.) According to Petitioner, he discovered the factual predicate for his claims on April 23, 2020, the date on which he was shown a copy of *People v. Le*, 61 Cal. 4th 416 (2015), and "discovered" that his sentence was contrary to *People v. Rodriguez*, 47 Cal. 4th 510 (2009). (ECF 12 at 1.)

Under section 2244(d)(1)(D), the limitation period commences when petitioner knows or through the exercise of due diligence should discover the factual predicate of his claims, not when petitioner learns the *legal* significance of those facts. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Thus, Petitioner's "discovery" of judicial decisions does not constitute a "factual predicate" justifying delayed accrual of the limitation period. *See Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) (intervening state court decision establishing abstract proposition of law arguably helpful to petitioner does not constitute a "factual predicate" under section 2244(d)(1)(D)); *Arroyo v. Jaime,* 2020 WL 6899614, at *3 (C.D. Cal. Nov. 24, 2020) (a favorable state court decision – no matter how recent – does not constitute a factual predicate for purposes of section 2244(d)(1)(D)); *Singer v. Dir. of Corr.*, 2010 WL 1444479, at *3 (C.D. Cal. Mar. 4, 2010) (the decision in *Cunningham v. California*, 549 U.S. 270 (2007) does not constitute a "factual predicate" within the meaning of 28 U.S.C. § 2244(d)(1)(D)), *report and recommendation adopted*, 2010 WL 1444475 (C.D. Cal. Apr. 2, 2010). [1]

---

[1] The Court notes that the cases upon which Petitioner relies were decided in 2009 (*Rodriguez*) and 2015 (*Le*). Petitioner has not demonstrated that through the exercise of due diligence he could not have discovered these legal authorities long before April 23, 2020.

Petitioner also argues that "the *Boykin*[2] claim also came to light on or about 10/17/2020." (ECF 12 at 2.) As discussed in the Report, Petitioner entered a guilty plea on February 4, 2015, and the state court imposed the agreed-upon sentence on February 11, 2015. Petitioner's conclusory assertion fails to demonstrate that Petitioner could not discover the factual predicate for his claim that his guilty plea was invalid until more than five year after he was sentenced. Accordingly, Petitioner's contention that he is entitled to a delayed accrual date under 28 U.S.C. § 2244(d)(1)(D) lacks merit.

For these reasons, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered dismissing the action with prejudice.

DATED: June 15, 2021

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

---

[2] *Boykin v. Alabama*, 395 U.S. 238, 242-244 (1969) (Constitution requires that guilty plea be knowing, intelligent, and voluntary).